39326. FRIEDMAN v. PACIFIC INDEMNITY INSURANCE COMPANY *et al.*

DECIDED FEBRUARY 19, 1962—REHEARING
DENIED MARCH 8, 1962.

*Finley, Shea, Friedman, Gannam, Head & Buchsbaum, Erwin A. Friedman, Aaron G. Weiner,* for plaintiff in error.

*S. F. Memory, Dewey Hayes, Earl J. VanGerpen,* contra.

FELTON, Chief Judge. The only question in this case is whether Morton Friedman was insured under a policy of insurance issued by the Pacific Indemnity Insurance Company to H. Minkovitz & Sons et al. H. Minkovitz & Sons, a corporation, and other parties were shown by said policy to be insureds thereunder. Morton Friedman, d/b/a Masons Department Store, was not a named insured under the policy, but certain stores were listed in the policy as being covered thereby, including Masons Department Store, Douglas, Georgia. The insurance company

had been issuing a like policy to H. Minkovitz & Sons et al. for a number of years, during most of which time Masons Department Store was owned by H. Minkovitz & Sons, a corporation. The insurance policy in question was issued on November 23, 1959, and extended to November 23, 1960. During the year 1958, H. Minkovitz & Sons sold Masons Department Store to Morton Friedman, who was a stockholder in H. Minkovitz & Sons. Cranman Insurance Agency, which was shown without dispute to have the authority as a general agent of Pacific Indemnity Insurance Company to construe and issue similar policies without submission to the insurance company, issued the policy in question. For the purpose of this decision, the only question involved is whether Cranman Insurance Agency knew, at the time of the issuance of the policy in question, that the *ownership* of Masons Department Store had been transferred to Morton Friedman. The evidence before the deputy director on this question was in conflict. Mr. Philip Cranman, who issued the policy, testified that the only information he had with reference to a transfer of Masons Department Store was that the *management* of the store had been transferred and he specifically denied any knowledge of a transfer of *ownership*. Mr. H. Minkovitz testified that he notified Cranman Insurance Agency that the *ownership* of the store had been transferred to Morton Friedman. In the circumstances the deputy director was authorized to find that Masons Department Store, even though owned by Morton Friedman, and not one of the named insureds, was insured under the policy. A great deal of stress is laid by plaintiff in error upon the fact that about 25 days after the injury to the employee, the insurance company placed an endorsement on the policy which sought to retroactively cancel the coverage on Masons Department Store. At the time of such effort to cancel, the insurance company did not know of the injury. In view of the fact that the evidence authorized the finding by the director that Masons Department Store was covered by the provisions of the policy, by reason of the fact that the insurance company knew of the change in ownership of Masons Department Store, at the time of the issuance of the policy, the effort to cancel the coverage of Masons Department

Store was abortive. The effect of such a retroactive attempt to amend the policy on the hypothesis that the insurance company did not know of the change in ownership of Masons Department Store is not before us for decision. The finding by the deputy director against the Pacific Indemnity Insurance Company was authorized by the evidence and the court erred in reversing that finding.

*Judgment reversed. Bell and Hall, JJ., concur.*